UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARISA SAYANI, et al.,<br>Plaintiffs,<br>v.<br>U.S. DEPARTMENT OF STATE, et al.,<br>Defendants. | Case No. 26-cv-02539-AGT<br><br>**ORDER ON MOTIONS TO DISMISS AND FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 10, 15 |

Plaintiffs Parisa Sayani, Khosrow Sayani, and Yafa Rahimian Esfahani (collectively, Plaintiffs) filed a complaint against the United States Department of State and Secretary of State Marco Rubio in his official capacity (together, Defendants). Dkt. 1. Defendants moved to dismiss, dkt. 10, and Plaintiffs moved for a preliminary injunction. Dkt. 15.

The Court heard both motions on August 7, 2026, via Zoom. As stated at the hearing, the Court finds persuasive the recent decisions in *Ullah v. Lafave*, No. 25-CV-12804, 2026 WL 1541774 (D. Mass. June 2, 2026), and *De Moura Gomes v. Rubio*, No. 26-CV-01883, 2026 WL 2212503 (D.D.C. July 31, 2026). Both district courts squarely decided that Cable 26 STATE 3740, Pausing Immigrant Visa Issuances for Nationalities at High Risk of Public Charge (the Policy), also at issue in this case, should not be applied to the visa applicants. Moreover, the parties were aware of no Ninth Circuit authority on point that would

distinguish the aforementioned district court decisions.[1] As such, the same outcome as in *Ullah* and *Gomes* should follow for Plaintiffs. For the reasons stated in *Ullah* and *Gomes* (as relevant here), Plaintiffs' motion for a preliminary injunction is GRANTED. And for the same reasons that justify granting the preliminary injunction, Defendants' motion to dismiss brought under Rule 12(b) is DENIED.

The Court orders as follows:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them, are hereby enjoined from applying the Policy to the immigrant visa applications of Khosrow Sayani and Yafa Rahimian Esfahani.
2. Any medical examinations or supporting documentation rendered stale solely by reason of delay attributable to the Policy shall be deemed valid and current for purposes of completing an adjudication, or Defendants shall afford Plaintiffs a reasonable opportunity to refresh such documentation without prejudice to the pending applications.
3. No security bond is required under Federal Rule Civil Procedure 65(c).
4. Within thirty days of this order, the parties shall file a joint status report setting out their joint or separate positions as to: (1) a proposed schedule for the case and (2) any other matter the parties wish to bring to the Court's attention.

/ / /

/ / /

[1] Indeed, the only authority cited at the hearing from within the Ninth Circuit came from Plaintiffs: *Sangster v. Rubio*, No. 25-CV-00447, 2026 WL 222316 (D. Nev. Jan. 28, 2026).

This order dispenses with dkts. 10 and 15.

**IT IS SO ORDERED.**

Dated: August 7, 2026

Alex G. Tse
United States Magistrate Judge